[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15230
Non-Argument Calendar
_____

D.C. Docket Nos. 6:14-cv-00162-GKS-DAB,
6:11-cr-00375-GKS-DAB-2

STEVEN JUSTIN VILLALONA,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 12, 2018)

Before WILSON, WILLIAM PRYOR and JORDAN, Circuit Judges.

PER CURIAM:

Steven Villalona, a federal prisoner, appeals *pro se* the denial of his motion

to vacate his sentence. 28 U.S.C. § 2255. We issued a certificate of appealability to

address "whether Villalona was entitled to an evidentiary hearing on his claim that his counsel was ineffective for failing to file a motion to withdraw his guilty plea before the district court accepted the plea." A defendant retains the right to withdraw his plea "for any reason or no reason" until "the [district] court accepts the plea." *See* Fed. R. Crim. P. 11(d)(1). The United States concedes that the district court abused its discretion when it denied Villalona an evidentiary hearing because his allegations about promptly instructing his trial counsel to file a motion to withdraw, if true, would establish both that his counsel performed deficiently and that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687, 697 (1984). Because Villalona's "motion and the files and records of the case [fail to] conclusively show that [he] is entitled to no relief," *see* 28 U.S.C. § 2255(b), we vacate the order that denied Villalona's motion to vacate and remand for the district court to hold an evidentiary hearing to determine whether the failure of counsel to file a motion to withdraw Villalona's plea amounted to ineffective assistance.

**VACATED AND REMANDED.**